WILLIAM M. ISAAC, GIDEON HERBERT, and others, Trustees of the TOWSONTOWN STATION OF THE METHODIST EPISCOPAL CHURCH *vs.* D. HOPPER EMORY, and others.

*Deed in Trust for Religious purposes—Vague and indefinite Beneficiaries—Parties—Right of Appeal.*

By deed dated the 24th of February, 1870, a lot of ground was conveyed to five named individuals "to have and to hold the same unto the said (grantees) in trust, that the said premises shall be used, kept, maintained and disposed of, as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church, in the United States of America, subject to the discipline, usage and ministerial appointments of said church, as from time to time authorized and declared by the general conference of said church, and the annual conference in whose bounds

Isaac, *et al.*, Trustees *vs.* Emory, *et al.*

said premises are situated." On the 14th of October following, an attempt was made to incorporate a religious society under the general law upon that subject by the corporate name of "The Trustees of Towsontown Station of the Methodist Episcopal Church," and on the same day the grantees in the deed of the 24th of February, 1870, conveyed the property in fee to this corporation by its corporate name. This attempted incorporation was afterwards judicially pronounced inoperative, because essential requirements of the corporation law had not been complied with. Under proceedings against the grantor and grantees in the deed of the 24th of February, 1870, and others, a decree was afterwards passed for the sale of said lot of ground, with the improvements upon it, consisting of a church building, to pay certain claims of the complainant and others which were held to be equitable liens thereon. After the testimony had been taken, but before the case was heard, seven persons calling themselves the "Trustees of the Towsontown Station of the Methodist Episcopal Church," were upon their petition made parties defendants. In their petition and answer they claimed that as duly elected trustees to succeed those named in the deed of the 24th of February, 1870, they were the holders of the legal title and the real owners of the property in dispute; and as such trustees they took an appeal from the decree passed in the case. On a motion to dismiss the appeal, it was HELD:

1st. That there was nothing in the deed of the 24th of February, which could have the effect of passing the title to said property to the appellants as successors to the grantees in that deed.

2nd. That the designation of beneficiaries contained in said deed was too vague and indefinite to be sustained by the Courts.

3rd. That under said deed the appellants had no such interest, legal or equitable, in the property as would entitle them to intervene in said litigation, and appeal from the decree passed by the Court below.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The bill in this case was filed by D. Hopper Emory in his own behalf, as also in behalf of other holders of certain mortgage notes secured by a mortgage made to two trustees by "The Trustees of Towsontown Station of the Methodist Episcopal Church," claiming to act as a body corpo-

rate, who should come in and contribute to the expenses of the suit. In a previous proceeding it was declared that said corporation, owing to informalities in the proceedings under which it was attempted to be incorporated, had no legal existence. This proceeding was instituted against the persons from whom said pretended corporation claimed to have obtained the mortgaged property, and the trustees under the mortgage, to have the mortgage notes established as an equitable lien upon said property. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and RITCHIE, J.

*S. Parker Bosley,* and *Orville Horwitz,* for the appellants.

*William S. Bryan, Jr.,* and *Arthur W. Machen,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The motion to dismiss this appeal must prevail.

The decree appealed from provides for the sale of the lot of ground in controversy with the improvements upon it, consisting of a church building, in order to pay certain claims of the complainant and others, which the Court below held to be an equitable lien thereon. The appellants, seven in number, calling themselves the "Trustees of the Towsontown Station of the Methodist Episcopal Church," were not made parties to the bill, but came in by petition, after the testimony had been taken but before the case was heard, praying to be made parties defendants, with leave to answer the bill, and this prayer was granted by the Court upon certain conditions expressed in its order making them defendants. In their petition and answer the appellants claim that as trustees as aforesaid

they are the holders of the legal title and the real owners of the property in dispute, and the appeal is taken by them as such trustees.

It appears from the record that Mary Ann Shealey, the then owner of the lot in question, for the consideration of $1000, conveyed the same, by deed dated the 24th of February, 1870, to five named individuals, "to have and to hold the same unto the said grantees, in trust that the said premises shall be used, kept, maintained and disposed of as a place of divine worship, for the use of the ministry and membership of the Methodist Episcopal Church in the United States of America, subject to the discipline, usage, and ministerial appointments of said church, as from time to time authorized and declared by the General Conference of said church, and the Annual Conference, in whose bounds said premises are situate." On the 14th of October, 1870, an attempt was made to incorporate a religious society under the general law upon that subject, by the corporate name of "The Trustees of Towsontown Station of the Methodist Episcopal Church," and on the same day the grantees in the deed of the 24th of February, 1870, conveyed the property in fee to this corporation by its corporate name. But the validity of this attempted incorporation came before this Court in the case of *Boyce vs. Trustees, &c., of the M. E. Church*, 46 *Md.*, 359, and it was there held to be inoperative, because essential requirements of the corporation law had not been complied with. The result was, that no title passed to this pretended corporation by the deed of the 14th of October, 1870, and this the appellants concede. They indeed admit and aver in their answer that there was no "good or effective grant" of the property to this corporation, but they insist that the property "*had in fact vested in the Methodist Episcopal Church of Towsontown Station under*" the original deed of the 24th of February, 1870, and that they now represent that church "*as the duly elected trus-*

*tees to succeed those named in that deed,"* and it is upon this ground alone that they claim the right to intervene in this case and appeal from the decree.

But we are unable to give to that deed any such construction or effect as will support this claim. It is not pretended that the grantees in that deed were the trustees of any incorporated religious society. The *grant* is to them as individuals, and the *habendum* is in the same terms, and not in either case to them and their *successors* in office, to be appointed by any religious society then or thereafter to be incorporated. There are no words to be found in these parts of the deed which can have the effect to pass the title to such successors. Nor is there anything in the trust clause which can possibly have that effect. The appellants are not named in it as *cestuis que trust*, nor is it the effect of that clause to make them such. The purpose of that clause was to prevent the property from being used for secular purposes, or by any other Christian sect or denomination than the one described by general terms therein. The *cestuis que trust*, or beneficiaries, if any, are not the appellants, but the *"ministry and membership"* of the Methodist Episcopal Church in the United States, who are or shall be "subject to the discipline, usage and ministerial appointments" of that church or voluntary ecclesiastical organization, as such discipline, usage and appointments may from time to time be authorized and declared by the General Conference of that church, and by the Annual Conference, in whose bounds the property is situated. But this designation of beneficiaries is too vague and indefinite to be sustained by the Courts. According to the uniform course of decisions in this State, a trust cannot be upheld unless it be of such a nature that the *cestuis que trust* are *defined*, and capable of enforcing its execution by proceedings in a Court of Chancery. *Church Extension of M. E. Church vs. Smith*, 56 *Md.*, 397. It is not necessary to cite the numer-

ous cases in which this doctrine has been applied, for we hold it to be quite clear, that when applied in this case, the trust contained in this deed must fail.

It was no doubt the purpose of the parties who engaged in the commendable work of purchasing this lot and erecting a church thereon, to have the title thereto held by these grantees temporarily until a corporation could be formed under the law, capable of legally taking and holding the property, and that then these grantees should convey the same to such corporation. As we have shown, this was attempted, but the attempt, unfortunately, failed, and we are constrained to hold, that under the original deed to these grantees, the appellants have no such interest, legal or equitable, in the property, as would entitle them to intervene in this litigation, and appeal from the decree which the Court below has passed.

*Appeal dismissed.*

(Decided 20th November, 1885.)