ANDREW C. MAUGHT, Executor, and Reverend H. G. BOWERS *vs.* SAMUEL GETZENDANNER, COLUMBIA GETZENDANNER, his Wife, and others.

*Will—Construction—Void  trust—Indefiniteness—Precatory words—Trust.*

A will, after giving a large number of pecuniary legacies to the testator's relatives and next of kin, gave the sum of $10 to the Reverend H. G. Bowers; and immediately after this last legacy there was the following clause: "I give, bequeath and devise unto the Reverend H. G. Bowers, of Jefferson, Maryland, all the rest and residue of my estate, and desire him to use and appropriate the same for such religious and charitable purposes and objects, and in such sums and in such manner as will in his judgment best promote the cause of Christ." HELD:

1st. That the language used was just as effective, so far as the testator's intention was concerned, to create a trust, as if the proper technical term, "in trust," had been employed.

2nd. That such a trust was void, being too vague and indefinite to be carried into effect; and the property went to the heirs-at-law and next of kin of the testator.

Where the trust is created by the use of precatory words only, it is not necessary to exclude the legatee from a beneficial interest that

the trust should be valid or effectual; it is only necessary that it should clearly appear that a trust was intended.

A trust to be upheld, must be of such a nature that the *cestuis que trust* are defined and capable of enforcing its execution by proceedings in a Court of Chancery.

APPEAL from the Circuit Court for Frederick County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, and BRYAN, J.

*C. V. S. Levy*, and *Milton G. Urner*, for the appellants.

The appellees are in error in assuming a *trust* is created by the clause of the will in question. It is not denied that precatory words such as " *desire* " and the like, are sometimes construed to be imperative, and held to create a trust; but this is only so, 1st, when the words on the whole are sufficiently imperative; 2nd, when the subject is sufficiently certain; and 3rd, when the object also is sufficiently certain. *Hill on Trustees, marg. p.* 71, *et seq. and notes;* 2 *Story's Eq.,* sec. 1068, *et seq.; Hawkins on Wills,* 159, *et seq., and notes;* 1 *Jarman on Wills,* 693; *Tolson vs. Tolson,* 10 *G. & J.,* 159; *Williams vs. Worthington,* 49 *Md.,* 572; *Handley, et al. vs. Wrightson, et al.,* 60 *Md.,* 198; *Morice vs. Bishop of Durham,* 10 *Ves. Jr.,* 521; *Harland vs. Trigg,* 1 *Br. Ch. C.,* 142.

Where precatory words alone are used, a trust will not be created unless both the *subject* and *object* are certain No case can be found where precatory words have been held to raise an implied trust, unless both the subject and object have been indicated.

The case of *Briggs vs. Penny,* 3 *McN. & G.,* 546, has been erroneously thought to be at variance with the posi-

tion of the appellants, but even there the Lord Chancellor says : "I conceive the rule of construction to be, that words accompanying a gift or bequest, expressive of confidence, or belief, or desire, or hope that a particular application will be made of such bequest, will be deemed to import a trust, upon these conditions, first, that they are so used as to exclude all option or discretion in the party who is to act, as to his acting according to them or not ; secondly, the subject must be certain, and thirdly, the objects expressed must not be too vague or indefinite to be enforced." In that case it was held that the expression accompanying the gift, "well knowing that she will make a good use, and dispose of it in a manner *in accordance to my views and wishes,*" implied that the testator either had, or intended to make known his "*views and wishes,*" and therefore the residuary legatee did not take beneficially.

But in the later case of *Stead vs. Mellor,* 5 *Ch. Dec.,* 225, the case of *Briggs vs. Penny,* is reviewed and questioned. In *Stead vs. Mellor,* the bequest was to nieces, the testator adding, "my desire being that they shall distribute such residue as they think will be most agreeable to my wishes." It was held there was no trust, and the nieces took a beneficial interest. The Court says, the question is so plain that "but for the case of *Briggs vs. Penny* this case would not have been arguable."

The case of *Morice vs. The Bishop of Durham,* 10 *Ves. Jr.,* 521, is one in which the testatrix expressly gave "*upon trust.*" The trust was held not to have been effectually created because of the uncertainty of its objects. While that is not a case of a precatory trust, yet Lord ELDON in his opinion discusses the legal effect of precatory words, and says : "If neither the objects nor the subject are certain, then the recommendation or request does not create a trust, for of necessity the alleged trustee is to execute the trust, and the property being so uncertain or indefinite,

it may be conceived the testator meant to leave it entirely to the will and pleasure of the legatee, whether he would take upon himself that which is technically called a trust. Wherever the subject to be administered as trust property, and the objects for whose benefit it is to be administered, are to be found in a will not expressly creating a trust, the indefinite nature and *quantum* of the subject, and the indefinite nature of the objects, are *always* used by the Court as evidence that the mind of the testator was not to create a trust."

This principle has been recognized and followed by the Court of Appeals of Maryland, whenever the legal effect of precatory words has been before the Court for construction.

The case of *Williams vs. Worthington*, 49 *Md.*, 573, is one in which precatory words were held not to create a trust because the *subject* was uncertain. The Court say, "we agree with what was said by the Lord Chancellor in *Wynne vs. Hawkins*, 1 *Bro. Ch. R.*, 179m, 'that it being doubtful what is the confidence which the testator has reposed, the scale leans to the presumption that he meant to give the whole to the first taker.' "

On the other hand, the case of *Handley vs. Wrightson*, 60 *Md.*, 198, is one in which precatory words were held to create a trust, *because* "the property to which the supposed trust attached was clearly described," and "the objects of the testator's bounty were clearly pointed out."

" The question is not whether the object is so defined that it can be distinctly ascertained by the Court, but whether the object is purposely left to be selected by the donee ; as, for instance, where the testator expresses a desire that the donees shall 'distribute the fund as *they think* will be most agreeable to his wishes.' " 1 *Jar. on Wills.*, 693, 694.

But the tendency of modern decisions is against holding precatory words to create trusts. 2 *Pomeroy's Eq. Juris.*,

Maught, Ex'r *vs.* Getzendanner, *et al.*

*secs.* 1015, 1016, 1017; 2 *Story's Eq. Juris., sec.* 1069; *Pennock's Estate,* 20 *Pa. St.,* 268.

The testator, after making pecuniary bequests, amounting to nearly nine thousand dollars, selected as the legatee and devisee of the balance of his estate, a gentleman in whom he had confidence, and who he believed would make the best use of what he might receive. He desired in some way to have the little balance that should be left after paying the legacies, go towards promoting the cause of Christ, and he knew of no better way than to give it absolutely to a minister of the gospel—an ambassador of Christ—one whose whole life-work has been to "promote the cause of Christ;" only accompanying the absolute gift with a *desire* that it shall be used for such purposes and objects, and in such sums and in such manner as will, *in the legatee's judgment,* best promote the cause of Christ. He simply desired to assist this minister of the gospel in his great work of promoting the cause of Christ, by placing at his absolute disposal the small balance of his estate, and thus increase and enlarge his power to do good.

*W. P. Maulsby, Jr.,* and *J. E. R. Wood,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The decree *pro forma,* from which this appeal is taken, annuls the residuary clause, in the will of George Richards. In this will the testator, after giving a large number of pecuniary legacies to his relatives and next of kin, gives the sum of $10 to the Reverend H. G. Bowers, and immediately following this last legacy is the clause in question, which reads as follows:

"I give and bequeath and devise unto the Reverend H. G. Bowers, of Jefferson, Maryland, all the rest and residue of my estate, and *desire* him to *use* and *appropriate* the same for such religious and charitable purposes and ob-

jects, and in such sums and in such manner as will, in his judgment, best promote the *cause of Christ.*"

The controversy is between the heirs-at-law and next of kin of the testator on the one side, and the Rev. Mr. Bowers on the other. The former contend that a trust was created by this clause of the will, and that such a trust is void, and therefore the property descends to them, while the latter insists that no trust is created, and that he takes the property in his own right, or if there be a trust, that it is valid and effective.

If there had been no decisions of the Courts upon the subject, and this provision could be carried out in accordance with the intention of the testator, there would be very little difficulty in the case. He did not mean that this property should go to his heirs-at-law and next of kin, for if he did, he would not have inserted this clause in his will.

Neither did he intend that Mr. Bowers, a stranger to him in blood, should take the property for his own individual benefit. He gave him a legacy of $10, and this is manifestly all the personal benefit he intended to bestow upon him. His intention, undoubtedly, was that this residue of his estate should be devoted to the "cause of Christ," and in order to carry this into effect, he selected his friend, the Rev. Mr. Bowers, as his disbursing agent or trustee. He gives to this agent the discretion to select the religious and charitable purposes upon which his bounty was to be bestowed, and the amount to be allotted to each, but gives him no discretion so to distribute it or not, as he pleased. He says to him in effect: "I give you this property, not for your own benefit, but to use and appropriate it to the *cause of Christ,* leaving it to you to select what religious and charitable purposes and objects shall be the recipients of my bounty, as well as the sums which each shall receive, and you must make such selection and distribution among the objects selected as will, in

your judgment, best promote *that cause.*" This, as it appears to us, was the plain intention of the testator, and is the plain reading of this clause. It is true he does not use the terms " in trust," but the language " and I desire him to use and appropriate the same " for the purpose and in the manner specified, is just as effective, so far as his intention is concerned, to create a trust as if the proper technical terms had been employed.

But by the decisions of the Courts it has become the settled law of this State that such a trust is void, because it is too vague and indefinite to be carried into effect. The uniform course of our decisions is that a trust to be upheld must be of such a nature that the *cestuis que trust* are defined and capable of enforcing its execution by proceedings in a Court of Chancery. This doctrine has been laid down in a series of adjudications from *Dashiell vs. The Attorney-General* in 5 *H. & J.* 292, to *Isaac, et al. vs. Emory, et al.*, in 64 *Md.*, 333. The most prominent of the intermediate cases are *Wilderman vs. Mayor, &c., of Baltimore,* 8 *Md.*, 555 ; *Needles, et al. vs. Martin*, 33 *Md.*, 609, and *Church Extension, &c. vs. Smith*, 56 *Md.*, 397. It requires no argument to show that the trust in this will falls within the rule established by these decisions, and must, therefore, be held to be void. The consequence of this is that if we are right in holding this to be a trust the property goes to the heirs-at-law and next of kin.

But it has been strenuously argued that where *precatory* words are used, the very fact that the objects or parties to be benefited, or to be selected for that purpose, are uncertain, is conclusive that no trust is created, and in such case the donee takes the property absolutely. In other words, the contention is that no trust arises by force of any precatory words, unless there is certainty in the object as well as in the subject. This doctrine no doubt receives support from statements contained in some of the text books, and is apparently sustained by some of the

decisions, but we do not find that the authorities have laid it down as an inflexible rule applicable to all cases, and wholly irrespective of the intention of the testator or donor to create a trust. Lord ELDON in the noted case of *Morice vs. the Bishop of Durham*, 10 *Ves.*, 522, went no further than to say " Wherever the subject to be administered as trust property, and the objects for whose benefit it is to be administered, are to be found in a will not expressly creating a trust, the indefinite nature and *quantum* of the subject, and the indefinite nature of the objects, are always used by the Courts *as evidence* that the mind of the testator was not to create a trust; and the difficulty that would be imposed upon the Court to say what should be so applied, or to what objects, has been the foundation of the *argument* that no trust was *intended.*"

On the other hand, Lord Chancellor TRURO, in the case of *Briggs vs. Penny*, 3 *McN. & G.*, 546, decided in 1851, deduces the principles from the then state of the authorities thus : "I conceive the rule of construction to be that words accompanying a gift or bequest, expressive of confidence, or belief, or desire, or hope, that a particular application will be made of such bequest, will be deemed to import a trust upon these conditions, *first*, that they are so used as to exclude all option or discretion in the party who is to act, as to his acting according to them or not; *secondly*, the subject must be certain, and *thirdly*, the objects expressed must not be too vague or indefinite to be enforced;" and then in reference to this third condition he says, "It is most important to observe that vagueness in the object will unquestionably furnish reason for holding that no trust was intended, yet this may be countervailed by other considerations which show that a trust was intended, while at the same time such trust is not sufficiently certain and definite to be valid and effectual ; and it is not necessary to exclude the legatee from a beneficial interest that there should be a valid or effectual trust; it

is only necessary that it should clearly appear that a trust was intended. * * * Once establish that a trust was intended and the legatee cannot take beneficially. If a testator gives upon trust, though he never adds a syllable to denote the objects of the trust, or though he declares the trust in such a way as not to exhaust the property, or though he declares it imperfectly, or though the trusts are illegal, still in all these cases, as is well known, the legatee is excluded and the next of kin take. But there is no peculiar effect in the word 'trust;' other expressions may be equally indicative of a fiduciary interest though not equally apt and clear." He then refers to the fact that in the will before him, as in the will before us, another legacy had been given to the legatee, as clearly showing "that she was not intended to take the residue beneficially," and dismissed the appeal which was taken from a decree passed by Vice-Chancellor Sir KNIGHT BRUCE, whose opinion in the case is reported in 3 *DeG. & S.*, 525.

So in the more recent case of *Bernard vs. Minshull, Johnson's Eng. Ch.*, 276, decided by Vice-Chancellor Sir PAGE WOOD in 1859, the maxim that a certain subject and a certain object are necessary in order to constitute a trust, where the words used are precatory only, is again examined and explained, and it was again held that to constitute such a trust as shall exclude the donee to whom the precatory words are addressed, it is sufficient if it appears a trust was intended although the object of such trust is uncertain and cannot be ascertained. The conclusion reached by this learned Judge was that, although the certainty of both subject and object may clearly indicate the existence of a trust, the converse of the proposition is by no means true, and that however uncertain may be the objects of the testator's bounty, if it clearly appear that such objects were intended by him to have the benefit of the gift, it will exclude the donee and create a trust.

And as strongly sustaining the same proposition reference may be made to the antecedent cases of *Ommanney*

*vs. Butcher*, 1 *Tur. & Russ.*, 260; *Ellis vs. Selby*, 1 *Myl. & Cr.*, 286; *Stubbs vs. Sargon*, 3 *Myl. & Cr.*, 513, and *Corporation of Gloucester vs. Osborn*, 1 *House of Lords Cases*, 272. It is also to be remarked that the distinction between this class of cases and others in which precatory words have been held not to create a trust, is recognized in 1 *Jarman on Wills (4th Amer. Ed.)*, 693, where the learned author says: "It is to be observed that in all these cases the consequence of holding the expressions to be too vague for the creation of a trust, was that the devisee or legatee retained the property for his or her own benefit; and in this respect these cases stand distinguished from those in which there was considered to be sufficient indication of the testator's intention to create a trust though the objects of it were uncertain; a state of things which of course lets in the claim of the heir or next of kin to the beneficial ownership. In such cases there is no uncertainty as to the intention to create a trust, but merely as to the objects; in the other class of cases it is uncertain whether any trust is intended to be created."

In this country also adjudications are to be found in which the same doctrine is approved. Even in the case of *Pennock's Estate*, 20 *Penn. State Rep.*, 26, where the Court decided that the old Roman and English doctrine that precatory words will be sufficient to convert a devise or bequest into a trust, was not part of the common law of Pennsylvania, they yet held that such words may amount to a declaration of trust when it appears from other parts of the will that the testator intended not to commit the estate to the devisee or legatee, or the ultimate disposition of it to his kindness, justice or discretion. The case of *Ingram vs. Fraley*, 29 *Ga.*, 553, is directly in point. There the decision in *Briggs vs. Penny* was approved and followed, and it was held that a trust was created by precatory words though not sufficiently declared, and that the legatee did not take the estate beneficially, but as

trustee for the next of kin.    In short, our examination of the authorities, both English and American have led us to the same conclusions that were reached by the commentators to *Hill on Trustees,* (*4th Amer. Ed.*), 116, and which are also cited with approval in *Perry on Trusts, sec.* 114, *note* 4.    Among the rules there laid down as fairly deducible from the adjudged cases, are these:  1st.  Discretionary expressions which leave the application or non-application of the subject of the devise to the objects contemplated by the testator, entirely to the caprice of the devisee, will prevent a trust from attaching, but a mere discretion in regard to the method of application of the subject, or the selection of the object will not be inconsistent with a trust. 2nd.  Precatory words will not be construed to confer an absolute gift on the first taker merely because of failure or uncertainty in the object or subject of the devise ; and 3rd.  But failure or uncertainty will be an element to guide the Court in construing words of doubtful significancy adversely to a trust.

But our own decision in *Saylor vs. Plaine, et al.,* 31 *Md.,* 158, if not conclusive, goes very far to settle the question now before us.    In that case a devise of property, real and personal, to certain named parties "to be disposed of according to their verbal directions, or the directions of either of them" was held to be upon trust, and as the terms of the trust had not been declared in the will, a trust arose by operation of law in favor of the heirs and personal representatives of the testator.    Several passages in the opinion in that case have a direct application to this.    After stating that no positive rule can be laid down which shall determine in all cases what terms or expressions will carry a beneficial interest or what will create a trust, the Court say, "The words 'trust' and 'trustees' have, it is true, a defined and technical meaning, and are more generally, as well as more properly used, but it is well settled that there is no magic in particular words,

and any language which satisfactorily indicates an intention to stamp upon the devise the character of a trust will be sufficient." Again, after comparing the several provisions of the will with each other, they say : "We think it may be fairly inferred that the testator did not design to give to these donees, who were neither his heirs nor next of kin, but strangers in blood, a beneficial interest in the property, but that they should take it in trust." The trust failed for uncertainty in the objects, no *cestuis que trust* being named, and the property was adjudged to belong to the heirs and next of kin.

If after the bequest and devise to Mr. Bowers the words "in trust" had been used, it is conceded, and all the authorities show, he would have taken no beneficial interest whatever by reason of the failure of the trust for uncertainty in its objects. But other words plainly indicating an intention to create a trust are used, and it is manifest from the whole will that the testator never intended to give him this property in his own right and for his own use. We have already given our reading of this clause, and we think no one can read this will or hear it read, without saying at once that the testator never intended to make an absolute gift of the residue of his estate to Mr. Bowers, or to give him any beneficial interest therein. Can then the omission of the words "in trust," coupled with the fact that the law, as laid down by the Courts, declares that the testator's intentions are too vague and indefinite to be carried into effect, work an absolute gift of the property to one whom he never intended should be the recipient of such a gift? A result like this could only be attained by disregarding intention, and relying upon some arbitrary, inflexible, and technical rule of construction which has no foundation in reason ; and we have shown that no such rule has been sanctioned by any controlling weight of authority.

The practical effect of the decree appealed from is to give this property to the heirs-at-law and next of kin of the testator, and we affirm it.

*Decree affirmed.*