(Decided 28th January, 1892.)

Thomas B. Gambell, Ad'mr, &c. *vs.* Andrew C. Trippe, Assignee, &c.

*Construction of Will—Charitable bequest—Indefiniteness of Beneficiary—Power of Selection—Void and Lapsed legacy.*

The residuary clause of the will of a testatrix provided as follows: "I direct my trustees to pay over the whole residue and remainder of my means and estate to some Presbyterian institution in Baltimore, as they may determine, for charitable or religious purposes." The residuum so disposed of consisted of personalty. Both the trustees named in the will died before the estate was settled up, and neither of them designated any Presbyterian institution to receive said legacy. Held:

1st. That the bequest was void for indefiniteness as to the institution intended to be benefited or promoted, and the purposes to which the fund was to be applied.

2nd. That the power of selecting a beneficiary given by the testatrix to the trustees under her will, was purely one limited to the persons named, and they both having died without attempting to exercise it, it devolved upon no one else.

3rd. That as a consequence of this, even had the bequest been valid in the first instance, the legacy would have lapsed; and in

either event whether void or lapsed the father of the testatrix, as her next-of-kin, became entitled to the fund and personal property attempted to be disposed of under said residuary clause.

Whenever a power is of a kind that indicates a personal confidence, it must *prima facie* be understood to be confined to the individual to whom it is given, and will not, except by express words, pass to others, to whom by legal transmission the same character may happen to belong.

APPEAL from the Circuit Court No. 2, of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ʹALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Charles H. Quigley*, for the appellant.

*A. C. Trippe*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

By the fifth or residuary clause of the last will of Emma Spence, it is provided as follows, viz., "I direct my trustee to pay over the whole residue and remainder of my means and estate to some Presbyterian institution in Baltimore, as they may determine, for charitable or religious purposes." By the first clause she appointed Jesse K. Hines and James A. L. McClure trustees and executors, and devised and bequeathed all her estate to them upon various trusts—that relating to the residuum being the one just quoted. Mr. Hines died a few days after the testatrix, without having qualified as executor, and letters testamentary were issued to Mr. McClure, who subsequently died without having stated an account, and without having administered the estate. Thereupon letters of administration *de bonis non cum testamento an-*

*nexo* were committed to the appellant, who has passed his final account, showing in his hands a balance which constitutes the residuum of the estate. Neither Mr. Hines nor Mr. McClure ever designated any Presbyterian institution to receive this residuary legacy, and the father of the testatrix, her next-of-kin, claims it as a lapsed legacy. He has assigned his right therein to the appellee who filed the bill now before us. The object of the proceeding is to have the residuary legacy declared lapsed, and to procure a decree directing the fund and personal property to be paid and delivered to the appellee.

There is no doubt as to the invalidity of the residuary clause of the will. The object intended to be benefited or promoted is neither so certain nor definite as to enable a Court of equity to declare who is entitled to the fund to the exclusion of all others. The legacy is required to be paid to some Presbyterian institution for religious or charitable purposes; but what institution or what character of institution, whether religious, educational, or charitable, is no where declared or intimated. And the purposes to which the fund is to be applied, whether religious or charitable, are as indefinite and uncertain as the institution is. It was said by this Court in *Barnum, et al. vs. Mayor, &c., of Baltimore,* 62 *Md.,* 292: "If there be *parties capable of taking the subject-matter* of the trust, and *objects legal* and *definite* to be subserved or benefited by its execution, so that a Court of equity may take cognizance of and enforce the trust, these are the essentials, and only essentials, to the validity of the trust, though the object of the trust be in its nature charitable." Not one of these essentials is present in this case, and according to the well settled doctrine in this State, the trust cannot be upheld, even though the trustees named in the will were empowered to select the institution ultimately to receive the fund. *Dashiell vs. Attorney-General,* 5 *H. & J.,* 392, 6 *H. & J.,* 1; *Wilder-*

Gambell *vs.* Trippe.

*man vs. Mayor, &c. of Baltimore*, 8 *Md.*, 551; *Needles, et
al. vs. Martin*, 33 *Md.*, 609; *Church Extension of the M.
E. Church, et al. vs. Smith*, 56 *Md.*, 399; *Rizer, et al. vs.
Perry, et al.*, 58 *Md.*, 112; *Crisp, et al. vs. Crisp, et al.*,
65 *Md.*, 426; *Maught vs. Getzendanner, et al.*, 65 *Md.*,
527; *Dulaney, et al vs. Middleton, et al.*, 72 *Md.*, 67.

But in addition to this, the power given by the testa-
trix to Mr. Hines and Mr. McClare to select some Pres-
byterian institution as the beneficiary under the residu-
ary clause was purely one limited to the persons named.
It was a discretion vested in them individually. They
both died without attempting to exercise it, and it has
devolved upon no one else. Whenever a power is of a
kind that indicates a personal confidence, it must *prima
facie* be understood to be confined to the individual to
whom it is given, and will not, except by express words,
pass to others, to whom by legal transmission, the same
character may happen to belong. *Cole vs. Wade*, 16 *Ves.*,
27; *Attorney-General vs. Berryman*, 1 *Dickens*, 168; *Powles
vs. Jordan*, 62 *Md.*, 503. As a consequence of this,
even had the bequest been valid in the first instance, the
legacy would have lapsed. In either event, whether void
or lapsed, the father of the testatrix as her next-of-kin
became entitled to the fund and personal property at-
tempted to be disposed of by the residuary clause, and
under the assignment from him the appellee may recover
that fund and personal property from the administrator
*de bonis non*. This is what the Court below decreed,
and, for the reasons we have given, its decree must be
affirmed.

> *Decree affirmed, with costs—the costs
> in this Court and in the Court be-
> low to be paid out of the fund.*

(Decided 29th January, 1892.)