## AGNES C. JONES *vs.* THE LINDEN BUILDING ASSOCIATION OF BALTIMORE CITY.

*Confirmatory Lease—Redeeming ground Rent.*

Where prior to the passage of the Act of 1888, ch. 395, providing that ground rents reserved in leases shall be redeemable after the expiration of ten years, at six per cent., a lease for ninety-nine years, renewable forever, executed to an alleged corporation, is void by reason of the failure of the lessee to become a corporation, the reversioner may be required by a corporation having the leasehold interest, to execute a confirmatory lease after the passage of the Act of 1888, as such Act applies only to rents reserved by leases made after its passage.

APPEAL from the Circuit Court No. 2 of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, BOYD and BRISCOE, J.

*Henry Duffy,* for the appellant.

*Frank Gosnell,* (with whom was *James B. Guyton,* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

Henry C. Gibson and his wife, executed on the ninth of July, 1881, an instrument of writing purporting to be a lease for ninety-nine years, renewable forever, to an alleged corporation called " The Temple Building & Loan Association of Baltimore County," reserving an annual rent of one hundred and eighty-seven dollars and fifty cents. It

appears that the lessee never became a corporation in fact
or in law, because of the failure to record the certificate
of incorporation. *Code, Art.* 23, *sections* 44 *and* 45; *Boyce
vs. Trustees, etc., of the M.E. Church,* 46 *Md.,* 359; *Isaac
et al., Trustees vs. Emory et al.,* 64 *Md.,* 333. And there-
fore no title passed to the supposed corporation by the
lease of Gibson and wife of the 9th July, 1881. The re-
version in fee is now vested in the appellant, and the lease-
hold interest is in the appellee corporation. The latter
filed a bill in the Circuit Court No. 2 of Baltimore City to
compel the appellant to execute and deliver to it a con-
firmatory lease of the ground mentioned and described
in said lease from Gibson and wife to the " Temple Build-
ing and Loan Association." To this bill the appellant de-
murred, and the principal ground of her demurrer is that
if a confirmatory lease is now executed the ground rent
reserved thereby will, by virtue of the Act of 1888, chapter
395, become redeemable after the expiration of ten years,
at six per cent. The Court below (WICKES, J.,) overruled
this demurrer, and the facts alleged in the bill having been
admitted by the appellant in open Court, and she having
waived her right to plead to or answer the bill, the execu-
tion of the confirmatory lease was decreed as prayed. We
think there can be no serious question as to the correct-
ness of the action of the Court below.

The Act of 1888, chapter 395, by its express terms ap-
plies only to rents reserved by leases made after its pas-
sage. And, inasmuch as the bill in this case does not
ask for, nor the decree appealed from require, the execu-
tion of a new lease, but only the confirmation of the lease
which was in contemplation of the parties to the original
agreement made long before the Act in question was
passed, we are all of opinion that said Act has no applica-
tion whatever to a case like this.

The lease of July, 1881, from Gibson and wife, being
void for the reason already mentioned, we can see no rea-

son why the appellant should not be required to execute the confirmatory lease as prayed.

> *Decree affirmed, with costs to appellant, as agreed by the parties.*

(Decided 14th March, 1894.)