## ANNA L. RABINOWITZ *v.* AARON WOLLMAN ET AL.
### [No. 7, January Term, 1938.]

*Decided March 7th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Gersh I. Moss* and *Charles F. Obrecht,* for the appellant.

*Julius Isaacson,* for the appellees.

*Rignal W. Baldwin, Jr., James L. Hennegan, Redmond C. Stewart, Jr.,* and *Semmes, Bowen & Semmes,* filed a brief as *amici curiae.*

SLOAN, J., delivered the opinion of the Court.

Dora Wollman, of Baltimore City, died February 1st, 1936, leaving a will, whereby, after numerous bequests and legacies, all to charities, except two, by Item 17, she directed that: "All the rest and residue of my estate, whether real, personal or mixed, of which I may die seized or possessed, and wherever situate, I hereby give, devise and bequeath unto such religious, charitable, scientific, literary or educational Hebrew Corporations or associations organized and operated exclusively for such purposes as may be selected by my Executors in such proportions as they may designate, to be paid by my Executors out of the residue of my estate unto such corporations or associations so selected and in such proportions as my Executors shall designate, it being my request, however, that they shall select such institutions which are located in Palestine." She appointed her brother, Aaron Wollman, and his son, Joseph I. Wollman, executors.

The executors, appellees, filed a bill of complaint, wherein they said they were ready to make distribution of the estate of Dora Wollman, the residue of which amounted to about $3,500, and asked a construction of the seventeenth item of the will, some of the defendants

contending that its provisions were "too vague, indefinite and uncertain in (its) terms to constitute under the laws of Maryland, a good and sufficient disposition of the residue of the estate of the said Dora Wollman," and contended that, as to the residuum of her estate, she had died intestate. There is no allegation as to whether the executors had designated the beneficiaries of the residue, though the statement was made at the argument that they had. The chancellor who heard the case held the seventeenth item of the will to be valid, and that it "sets up a sound, valid and enforceable use or trust," and retained the bill for the purpose of determining any other questions which may arise in the course of administration of the estate. A half-sister, Anna L. Rabinowitz, one of the two next of kin, appealed.

The contentions of the appellant are: (1) That the bequest of the residue under Item 17 of the will does not create a trust, and if a trust is created, the bequest is void because the legatees are indefinite; (2) the beneficiaries and objects are indefinite; (3) the Act of 1931, ch. 453, does not apply, as the bequest is not confined to charitable objects and purposes.

Whether a bequest to or for the use of a charity is a trust, as said by Mr. Charles McHenry Howard, 1 Md. Law Rev. 121, "is perhaps a mere matter of nomenclature." It makes no difference whether the bequest is to be held in trust or is a direct gift to the charity (*Brandt, Inc. v. Y. W. C. A.*, 169 Md. 607, 182 A. 452, and cases there cited), and this is not only implied but is expressed by the Act of 1931, ch. 453 (Code [Supp. 1935] art. 16, sec. 268A), wherein it says: "It shall be no objection to the validity or enforceability of such trusts or of such gift, deed, bequest, devise, etc., that the beneficiaries of such trust, constitute an indefinite class," etc. The question in this court has always been, as to charities, whether the identification of the donee and the objects to be served were sufficiently definite, whether it was legally capable of taking the gift, and, if not, was provision made for the formation of a corporation to accept it

under the provisions of the Act of 1924, ch. 335? *Second National Bank v. Second National Bank,* 171 Md. 547, 190 A. 215. It has been decided in this court, however, that those holding the legal title, as the executors do in this case, hold the same as trustees for the beneficiaries; but, if failing in that, then for the heirs or next of kin of the testator. In the case of *Maught v. Getzendanner,* 65 Md. 527, 5 A. 471, 472, heard in 1886, forty-five years before the passage of the Act of 1931, ch. 453, the testator left to the Reverend H. G. Bowers of Jefferson, Maryland, all the rest and residue of his estate, "and desire him to use and appropriate the same for such religious and charitable purposes and objects, and in such sums and in such manner, as will, in his judgment, best promote the cause of Christ." This court held the provision too general. Another question, and the one receiving most consideration, was whether, the object failing for uncertainty, the minister became the legatee, or the testator's next of kin. It was held that, if the beneficiaries could have taken, then he held as trustee for them, and failing in that he held as trustee for the next of kin, even though the words "in trust" did not appear in the will. *Gambell v. Trippe,* 75 Md. 252, 23 A. 461. We therefore hold that the executors do hold the residuary funds in this case in trust.

Are "the beneficiaries and objects indefinite?" So far as the language of the will discloses, they may be, but it is not necessary to discuss that question here, for, in our opinion, this does not invalidate the residuary clause. Under the decisions of this court prior to the passage of the Act of 1931, ch. 453, that was always a question. But that act says: "It shall be no objection to the validity or enforceability of such trusts or of such gift, deed, bequest, devise, etc., that the beneficiaries of such trust, constitute an indefinite class." No charities to receive the bequest are named in the will, but the executors are authorized to select them. "A charitable trust is valid, although by the terms of the trust the trustee is authorized to apply the trust property to any charitable pur-

pose which he may select, if the trustee is able and willing to make the selection." *A. L. I., Restatement, Trusts,* sec. 396; 11 C. J. 342, sec. 60. "Nor does it make any difference, in this respect, whether the trust is of a mere administrative character in the hands of an executor or whether it is confided to another. In either case the will of the testator may be ascertained and made certain by those to whom he has intrusted discretion and power for that purpose, and their acts may be justly regarded as the definite expression of his own purpose." 10 *Amer. Jur.* 656, sec. 101; *Maught v. Getzendanner,* 65 Md. 527, 5 A. 471; *Eutaw Place Baptist Church v. Shively,* 67 Md. 493, 10 A. 244; *Gambell v. Trippe,* 75 Md. 252, 23 A. 461. Whether, therefore, the charities to be named may be too indefinite or they may be incapable of receiving the bequests must await the selection of the executors.

No beneficiaries are named in this will, but the executors are empowered to name them. The appellant contends, however, that such a power cannot be exercised because the executors may choose between charitable and noncharitable organizations. 10 *Am. Jur.* 645, sec. 84. But are the objects of the testatrix' bounty, or any of them, noncharitable according to the definitions of charities? "In its legal sense, charity comprises four principal divisions: (1) Trusts for the relief of poverty and distress; (2) trusts for the advancement of education; (3) trusts for the advancement of religion; and (4) trusts for other purposes beneficial to the community not falling under any of the preceding heads." 11 *C. J.* 314, sec. 18; *Restatement, Trusts,* sec. 368.

The appellant is not specific as to what designation of the class of beneficiary by the testatrix offends against the classes which may not be classed as charities, and leaves us to guess at it. The testatrix here devises and bequeaths the residue of her estate to "such religious, charitable, scientific, literary or educational Hebrew Corporations or associations organized and operated exclusively for such purposes as may be selected by my Executors in such proportions as they may designate." The

general purposes to be served are within the classes designated as charitable. It is manifest that the intent of the testatrix was to make the bequest of the residue of her estate to Hebrew charities, already in existence, and not to any private, profit-producing enterprises, the selection of which she left to her executors, one of whom was her brother, and the other, her nephew. As said in 10 *Amer. Jur.* 645, *"Charities,"* sec. 84, "where there is a general overriding intention to establish a trust for charitable purposes, but some of the particular purposes to which the fund may be applied are not strictly charitable, the trust is good and the court will give effect to the general charitable trust, but the trustees are restricted from applying the fund to purposes or in ways which are objectionable."

The effect of the decree in this case was to sustain the seventeenth item of the will and the right of the executors to designate the charities to receive the residue of the estate. The bill, however, was retained, we assume, for the purpose of supervising and passing upon the selection of charities by the executors, and ascertaining whether those designated are charities and capable of accepting the bequest. As we are in accord with the chancellor's decision, the decree will be affirmed, and the case remanded for such further proceedings as may be necessary to effectuate the intention of the testatrix.

> *Decree affirmed and case remanded; the costs to be paid out of the residue of the estate.*