ALBERT G. WAKEFIELD and others, in equity,

*vs.*

SALLIE V. SMALL.

Penobscot. Opinion January 5, 1883.

*Will.*

The will of a testator contained these provisions: " The trustees under said will shall set aside and apart from the other assets of said estate, the sum of thirty thousand dollars, and to pay the whole annual income thereof to my said wife, (said Susan T. Veazie,) so long as she shall live." " Should any balance of assets and estate, real or personal, remain in their hands after having set aside said two sums of thirty thousand dollars each, and paying said legacies, and after fulfilling all other provisions of said will, I will and direct that the annual income of said balance shall be divided equally and paid to all my children, namely: Samuel, Edward, Sallie, Wildes, Louise, William, and such other child as may be born to me of my said wife, each receiving his or her equal share until the youngest of my said children that shall live to arrive at the age of twenty-one years, shall arrive at said age, and upon the arrival of said child at said age, I will and direct that said residue of said estate, including whatever of said sum set apart for the maintenance and education of said children, as aforesaid, shall remain unexpended, and also said thirty thousand dollars set aside for the support of my said wife, if she be not then living, shall be divided equally and paid to such of all my said children as shall then be living, and to the child or children of any one or more of my deceased child or children, the child or children of my deceased child or children taking the share of his, her or their deceased parent, and said trust estate shall cease. If, however, my said wife be then living, said trust estate shall not cease as to said thirty thousand, but shall continue till her decease, and upon her decease said sum shall be equally divided and paid in the manner and distributed as the aforesaid sum is required to be distributed." The widow having died while there are still three children who are minors; *Held,* That the thirty thousand dollars falls into the balance of assets mentioned in the second provision above quoted, the annual income of which is to be paid to all the children of the testator, " each receiving his or her equal share until the youngest of my said children that shall live to arrive at the age of twenty-one years shall arrive at that age."

BILL IN EQUITY brought to obtain a construction of the will of Jones P. Veazie, who died at Bangor, Febuary 16, 1875,

leaving a widow and six children, three of whom were minors.

The widow, Susan T. Veazie, died April 16, 1882, while the youngest child is only seven years of age.

The will provides as follows :

"Ninth. I will and direct that my said executors and trustees pay to my said wife, Susan, the interest or income of thirty thousand dollars in semi-annual payments during her natural life, from money invested and belonging to my estate and set aside for that purpose, which with other provisions and bequests I herein make for her, is to be in lieu of all allowance and dower, and distribution."

"Tenth. I give, bequeath and devise to my said executors and trustees, all the rest and residue of my said estate, real, personal and mixed, wherever the same may be found or situated, to have and to hold for the following purposes, to wit."        .        .        .

"4th. Should any balance of assets, and estate real or personal remain in their hands after having set aside said two sums of thirty thousand dollars each and paying said legacies, and after fulfilling all other provisions of said will, I will and direct that the annual income of said balance be divided equally and paid to all my children, viz : Samuel, Edward, Sallie, Wildes, Louise, William, and such other child as may be born to me of my said wife, each receiving his or her equal share until the youngest of my said children that shall live to arrive at the age of twenty-one years, shall arrive at said age, and upon the arrival of said child at said age, I will and direct that said residue of said estate including whatever of said sum set apart for the maintenance and education of said children as aforesaid, shall remain unexpended, and also said thirty thousand dollars set aside for the support of my said wife, if she be not then living, shall be divided equally and paid to such of all my said children as shall then be living, and to the child or children of any one or more of my deceased child or children, the child or children of my said deceased child or children taking the share of his, her or their deceased parent, and said trust estate shall cease.   If, however, my said wife be then living said trust estate shall not cease as to said thirty thousand

dollars, but shall continue till her decease, and upon her decease said sum shall be divided equally and paid in the manner and distributed as the aforesaid sum is required to be distributed."

*Charles P. Stetson*, for the complainants.

SYMONDS, J. This is a bill in equity to determine the construction of a clause in the will of Jones P. Veazie. It presents the single question, what disposition is to be made of the income of thirty thousand dollars, — a sum set apart for the use of 'the widow, and the income of which she received annually during her life, — in the event (which has already occurred,) of her decease, before the arrival of the youngest child at the age of twenty-one years, the period of distribution fixed by the will.

It is the opinion of the court that under the will, upon the death of the widow, the application of the income of the thirty thousand dollars to her use during life having served its purpose, that sum, the thirty thousand dollars, falls into the balance of assets mentioned in the fourth section of the tenth clause of the will, the annual income of which is to be paid to all the children of the testator, " each receiving his or her equal share, until the youngest of my said children that shall live to arrive at the age of twenty-one years, shall arrive at said age."

The same result follows, if the income of the thirty thousand dollars, during the period between the widow's death and the time for distribution of the principal, were regarded as not disposed of by the will.

Nothing indicates that the testator intended the income to be invested and accumulate during such a period.

*Decree accordingly.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.