[L. A. No. 546.   Department Two.—May 16, 1899.]

HEINRICH WITTFIELD et al., Appellants, v. GEORGE
FORSTER et al., Respondents.

CONVEYANCE TO TRUSTEE—INVALID TRUST—UNCERTAINTY.—A conveyance
    of all the real and personal property of the grantor to a trustee
    in trust for an unincorporated association named, to have and to
    hold to the trustee named, "his successors and assigns, forever,"
    without further specification as to the purpose of the trust, or
    as to the duration of the estate, or as to the nature and quan-
    tity of interest of the beneficiaries, or as to the manner in which
    the trust is to be performed, does not create a valid trust as to
    the real property, within any of the provisions of section 857
    of the Civil Code, and under section 2221 of that code, the whole
    trust, both as to the real and personal property, is void for un-
    certainty.

ID.—TITLE OF HEIRS OF GRANTOR—RESULTING TRUST—ACTION BY EXECUTOR
    AND HEIRS.—Where the trusts declared in an instrument are illegal,
    or for any reason void, either the trustee takes no estate, or
    there is a resulting trust to the grantor or his heirs; and it is
    immaterial which, where an action is brought by the executor
    and heirs of the deceased grantor to quiet their title against the
    trustee and beneficiary named in the instrument, and to have it
    adjudged that the trust is void, and to recover possession of the
    real and personal property.

APPEAL from a judgment of the Superior Court of San
Diego County.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Appellants.

McDonald & McDonald, D. Collier, Jr., and N. H. Conklin,
for Respondents.

McFARLAND, J.—This action is brought by the executor
and heirs-at-law of Gustav Wittfield against the defendants,
George Forster and San Diego Lodge No. 35, Free and Accepted
Masons, an unincorporated association.   There are two counts
in the complaint; the first count is in the ordinary form of an
action to quiet title to certain lands, and the second count avers
the execution by the deceased, Gustav Wittfield, of an instru-
ment in writing, executed by him a few days before his death,

purporting to convey all his property, both real and personal, to the said George Forster in trust for the said San Diego Lodge, and the prayer is that said deed be decreed to be void, and to have created no trust, and that the plaintiffs are entitled to the possession of the land embraced by said instrument, and that defendants be decreed to account for the personal property referred to in said instrument. The court rendered judgment for the defendants, and the plaintiffs appeal from the judgment.

The case turns upon the question whether or not the instrument above referred to creates a valid trust. The following is a copy of said instrument:

"Gustavus Witfield to George Foster, Trustee:

"I, Gustavus Witfield, of San Diego, California, for and in consideration of one dollar, to me in hand paid, do hereby grant, sell, and convey to George Foster, of San Diego, Calif., as trustee in trust for San Diego Lodge No. 35, Free and Accepted Masons, of the state of California, all the property I now own, both real and personal, and of whatever kind and nature or description, and wherever situated. To have and to hold unto said trustee, his successors and assigns, forever.

"Witness my hand, this 8th day of September, 1894.

"GUSTAVUS WITFIELD."

This instrument is manifestly not a conveyance to Forster for his own beneficial use; its terms clearly show an intention to create a trust, and, if the trust is not sufficiently definite to be carried into effect, or is for any reason illegal or invalid, the instrument either conveys no title or leaves a resulting trust in favor of the grantor or his heirs, where, as in this case, he dies intestate. The law on this subject is very fully stated in the case of *Nichols v. Allen*, 130 Mass. 212, 39 Am. Rep. 445, and cases there cited. No matter what the terms of an instrument creating a trust may be, the "trustee takes an estate adequate to the execution of the trust, no more and no less." (*Morffew v. San Francisco etc. R. R. Co.*, 107 Cal. 587.)

Section 1032 of Pomeroy's Equity Jurisprudence is as follows: "First form—trust resulting to the donor. This type includes the three following subdivisions: 1. Where property is

conveyed by will or deed upon some particular trusts or particular objects, and these purposes fail in whole or in part, or the particular trusts are so uncertain and indefinite that they cannot be carried into effect, or they lapse, or they are illegal—in all these cases a trust, either with reference to the whole property or to the residuum, results in favor of the grantor or his heirs, residuary devisees or legatees, or personal representatives of the testator. The following are illustrations: Where property is given by will or deed, stated to be on trust, but no trust is declared; or upon trusts to be thereafter declared, but no such declaration is made; or is given upon some trust which has wholly failed and become inoperative; or real property is given upon a trust which is too uncertain, indefinite and vague in its declarations to be carried into effect; or if the property is given upon a trust which is illegal, and therefore void, or upon a trust which fails by lapse, and the property is not otherwise disposed of." These propositions declared in the text are supported by the authorities referred to. Section 866 of our Civil Code provides that "where an express trust is created in relation to real property, every estate not embraced in a trust, and not otherwise disposed of, is left to the author of the trust or his successors." Section 871 provides: "When the purpose for which an express trust was created ceases, the estate of the trustee also ceases." And section 2279 provides: "A trust is extinguished by the entire fulfillment of its object, or by such object becoming impossible or unlawful." Under these authorities, where the trusts declared in an instrument are illegal, or for any reason void, either the trustee takes no estate, or there is a resulting trust to the grantor or his heirs; and in the case at bar it is immaterial which of these results follow.

It is contended by appellants that the trust sought to be created in this case is void: 1. Because the attempted trust is not one of those named in section 857 of the Civil Code; 2. Because the instrument does not indicate with any reasonable certainty the purpose of the trust; and 3. Because the beneficiaries are not indicated with any reasonable certainty, and that therefore the trust, not being for charitable purposes, is void. We think that the first and second contentions of the appellants must be sustained; and, therefore, it is not necessary to consider their third contention.

1. Section 847 of the Civil Code provides that "uses and trusts in relation to real property are those only which are specified in this title"; and section 857 in the same title provides that express trusts may be created for four different purposes mentioned in the four subdivisions of the section. It is not necessary to state those four subdivisions here. It is sufficient to say that the attempted trust involved in the case at bar does not come within either of them, and is, therefore, void.

2. Moreover, section 852 of the Civil Code provides that a trust in relation to real property must be created by a written instrument; and section 2221 provides that the instrument must indicate "with reasonable certainty the subject, purpose, and beneficiary of the trust." In Pomeroy's Equity Jurisprudence, paragraph 1009, the author says: "The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject matter of property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interest which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail." If we apply the statutory declaration above quoted, and the principle found in the above language of Pomeroy, we see that the language employed in the instrument is entirely too vague and uncertain to constitute a valid trust. The duration of the estate attempted to be granted to the trustee, the nature and quantity of interest which the beneficiaries are to have, and the manner in which the trust is to be performed, are all left undeclared and without any reasonable certainty; and, of course, there is no statement of any of the purposes for which under section 857 an express trust may be declared. And this uncertainty also makes the attempted trust as to the personal property void.

More than three years after the death of Gustavus Wittfield, and more than that time after the execution of said instrument, and long after the commencement of this action, the respondent, George Forster, executed and filed for record a written instrument by which he undertook to declare and define

the trusts which he claims were intended to be declared by said Wittfield. But the rights of appellants attached at the death of Gustavus Wittfield, and their status with respect to the property could not be changed or affected by any subsequent act of Forster. The latter could not, by declaring a trust in property which he did not own, defeat the title of the true owners.

For the reasons above given the judgment in favor of respondents was erroneous.

The judgment appealed from is reversed and the cause remanded.

Temple, J., and Henshaw, J., concurred.