DAVIES, Executor, Respondent, vs. DAVIES, Respondent, and
DAVIES, by guardian *ad litem*, Appellant.

*January 16 — February 1, 1901.*

*Wills: Construction: "In trust:" Beneficial interest.*

By one clause of a will drawn by a testator who had devoted almost
his entire life to educational work, he gave to his wife, to hold in
trust for his infant son and such other parties as might be named
in the will, all his property, of the value of about $21,000, including
his homestead worth $8,000. He also named his wife as executrix
of the will and trustee for the purposes therein named, and by an-
other clause "devised as aforesaid" all his property to his said
executor and trustee, to provide for the care and maintenance of
said son and of such other children (if any should be born) as might
survive him, and directed that when said son attained his profes-
sional degree she assign to him such sum out of the proceeds of the
estate as might.be of help in starting him in the practice of his
profession, and at the same time be within the limits of her ability
to relinquish from *her estate* without detriment to the other chil-
dren, if any. He also provided that in case there were other chil-
dren she might, upon their attaining majority or marrying, assign
to them such part of *his estate* as she might deem needful and
within her ability to relinquish. There were no other children
and no other persons named in the will as objects of the testator's
bounty. The relations between the testator and his wife were cor-
dial, and the terms of the will show that he had confidence in her
business ability and judgment, but no specific provision was made
for her, and she was possessed of no property of her own. *Held,*
that the intention of the testator was to bequeath to his wife both
the legal estate and the beneficial interest in all his property, sub-
ject only to the trust imposed for the benefit of the son.

APPEAL from a judgment of the circuit court for Dane
county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action for the construction of a will. On the
22d of January, 1900, Dr. John E. Davies, for many years a
professor in the University of Wisconsin, residing in the.
city of Madison, Wisconsin, died testate, leaving a widow,
*Olive M. Davies,* and one child, the appellant, *John E.*

*Davies*, eight years of age. He left real and personal property to the value of about $21,000, of which his homestead in Madison, valued at $8,000, was a part. The widow had no separate estate or means of support of any kind. The relations between the widow and the deceased had always been cordial. The will was in Dr. Davies's own handwriting, and was made July 22, 1898, while he was away from home, and was as follows:

"Last will and testament of John E. Davies, of the city of Madison, Dane county, Wisconsin, made on the 22d day of July, 1898.

" I hereby publish and declare my last will and testament as follows:

" I give and bequeath to *Olive Merrill Davies*, my lawful wife, to hold in trust for my infant son, *John E. Davies, Jr.*, and such other parties as may be named in this will, all my property of every description in Wisconsin, Illinois, Dakota, and other states, together with all moneys in bank, mortgages, or other securities in my possession, or that of others for me, at the time of my decease.

" I hereby appoint my wife, *Olive Merrill Davies*, of Madison, Wisconsin, county of Dane, as the executor of this, my last will and testament, and trustee for the purposes hereinafter named, without bonds, unless the court shall otherwise order.

" I hereby devise, as aforesaid, all and singular my real estate, including homestead, wherever situated, together with all other properties of which I am possessed at the time of my decease, personal as well as otherwise, to my said executor and trustee, in trust for the following uses and purposes, to wit:

" I direct my said executor and trustee to provide for the care and maintenance and education of my son, *John E. Davies, Jr.*, together with any other children of whom she and I may be possessed at the time of my decease, *not* including Clara May Davies, an adopted, but not legally adopted, child of my former wife. I also direct that she assign to him on the attainment of his professional degree, whether it be medicine, law, science or art, such sum, out of the proceeds of the sale of any real estate then in her possession, as, in her judgment, may be of help to him in start-

ing upon the practice of his profession, and at the same time within the limits of her ability to relinquish from her estate without detriment to the other children of whom she and I may hereafter become possessed. And in case of these other children she may, at the time of their majority, or in case of their marriage, assign to them such parts of my estate or the proceeds thereof as she may deem needful and expedient for them to have, and within her ability to relinquish.

"I hereby nominate and appoint my wife, *Olive Merrill Davies*, the executor of this, my last will and testament, to be the proper person to compound, compromise, and settle any claim, bill, or demand which may be against or in favor of my said estate, and to attend to the payment of my just debts and funeral expenses.

"I hereby commit the guardianship of all my children until they shall respectively attain the age of twenty-one years unto my said wife during her life, if she shall so long continue my widow; and from and after decease or second marriage unto such trusty and esteemed friend or relative as she may decide to be fit to be such guardian of my children.

"I also commit to my said wife, *Olive Merrill Davies*, the guardianship of my aged mother whenever it may be necessary for her to have the care of a guardian. In case my widow, *Olive Merrill Davies*, marries again she shall see that the provisions of this will are faithfully carried out; and in no case shall the property herein alluded to, all or in part, be in any wise subject to the use or control, even temporarily, of her husband, for any purpose whatsoever, but shall be completely and entirely for the purposes hereinbefore mentioned."

This will was duly probated in March, 1900, and the widow, *Olive M. Davies*, duly qualified as executrix, and thereafter commenced this action in the circuit court in her capacity as executrix against herself individually and her son for the construction of the will.

The circuit court, after finding the facts as above stated, held that by the terms of the will the testator bequeathed to his widow both the legal estate and the beneficial interest in and to all his property, subject only to the trust or burden imposed thereon for the benefit of the said *John E.*

*Davies,* and that, subject to that burden, the widow is to receive, use, and disburse the income of the property of the deceased as her best interests and those of *John E. Davies* demand; that the interest of *John E. Davies,* the son, in the property, is that of a *cestui que trust* of the trust imposed upon the devise or bequest of the property to the said *Olive M. Davies.* Judgment being rendered in accordance with this finding, *John E. Davies,* by his guardian *ad litem,* appeals.

*Rufus B. Smith,* for the appellant.

For the respondent executrix there was a brief by *Buell & Hanks,* and oral argument by *C. E. Buell.*

For the respondent *Olive M. Davies* there was a brief by *Jones & Stevens,* and oral argument by *B. W. Jones.* They argued, among other things, that if it can be gathered from the will and the surrounding circumstances, with reasonable certainty, that the testator intended to benefit his wife by this will, words may be omitted, or supplied, transposed, or liberally interpreted to effectuate that intent. *In re Donges's Estate,* 103 Wis. 497, 500; *Scott v. West,* 63 Wis. 529, 551; *Webster v. Morris,* 66 Wis. 366, 394; *Baker v. Estate of McLeod,* 79 Wis. 534, 543. As an analogous case, see *Croome v. Croome,* 59 L. T. Rep. 582, 584, affirmed, 61 L. T. Rep. 814.

WINSLOW, J. In construing a will, "the intention of the testator is the thing to be sought, and that, when found satisfactorily evinced by the instrument as a whole, is to govern, notwithstanding any technical or literal meaning of particular clauses to the contrary." *Yearnshaw's Appeal,* 25 Wis. 21. A construction which gives effect to the will, and prevents either total or partial intestacy, is to be preferred. *Lovass v. Olson,* 92 Wis. 616. The circumstances surrounding the testator at the time of execution — such as the condition of his family, and his relations to his relatives, and

the amount and character of his property — should be taken into consideration, so that the interpreter may be placed as nearly as possible in the position occupied by the testator. *Blake v. Hawkins,* 98 U. S. 315.

In view of these well-settled rules the will of Dr. Davies is to be construed. The circumstances surrounding the execution of the will may be briefly stated. The will was not drawn by a lawyer, but by Dr. Davies himself, who had devoted himself for well-nigh his entire life to educational work. He was possessed of a slender property, more than one third of which was composed of his homestead, which was necessarily unproductive. His wife had no property of her own, and had no expectation of acquiring any separate property, but was dependent upon him. The relations between the testator and his wife were cordial, a fact which appears by testimony as well as from the terms of the will itself. The will also demonstrates that the testator had full confidence in his wife's discretion and business ability. He had but one child, a son of tender years, and no one apparently dependent upon him except his wife and this child. All natural inferences would be that he must have intended to provide as far as possible for the wants of both the mother and child.

Bearing these circumstances in mind, we can entertain no reasonable doubt but that the trial court properly construed the will.

It is certainly true that there are no appropriate words in the will which give a beneficial estate in the property to the wife. The devise is to her, " to hold in trust for my infant son," and, again, " I hereby devise *as aforesaid* " all my property " to my said executor and trustee in trust for " the education, maintenance, etc., of my infant son. The words " in trust for " are technical words, and, if to be construed in a technical sense, would convey no beneficial estate to the wife. Had these words been used by a trained law-

Davies vs. Davies.

yer, the argument that they must receive their true technical meaning would be strong; but here the fact that they were used by a layman, albeit an educated man, is of great importance. The word "trust," in its popular sense, covers many things besides the legal and technical trust. A layman using the word might easily suppose that he was simply expressing thereby his belief or trust that the devisee would cary out his wishes; that in saying that he gave his property to his wife "in trust" to carry out his expressed wishes as to the education and maintenance of his children he was making an absolute gift to her of the property, trusting that she would faithfully carry out those wishes,— in other words, that the property was to be hers, simply burdened with the execution of his expressed desires.

Turning to other parts of the will, we are convinced that such was Dr. Davies's intention. After providing for the education and maintenance of *John*, he directs that when *John* shall have taken his professional degree she then assign to him such sum out of the proceeds of the sale of his real estate "as, in her judgment, may be of help to him in starting upon the practice of his profession, and at the same time within the limits of her ability to relinquish from *her estate* without detriment to the other children of whom she and I may hereafter become possessed." A similar provision calling for gifts to after-born children follows, except that the words "my estate" are used instead of the words "her estate." We have been entirely unable to reconcile these provisions with the idea that *Mrs. Davies* was to possess no beneficial interest in the property, and was simply to act as a trustee, with not a shadow of provision for even her bare support while she was educating and maintaining the child which was the result of their union. The inference that she herself had a beneficial interest in the property is irresistible from the words "her estate" and the other language used. If the intention was that the estate

Davies vs. Davies.

was to be administered as intestate estate after the trust provisions were fulfilled, or that it was all to go to *John* and the other children, if any, then these provisions would be nugatory, not to say ridiculous. And the unnatural character of such a disposition, which leaves his wife penniless, is a consideration which must have great weight. Nor will it do to say that Dr. Davies probably anticipated that his wife would renounce the provisions of the will and take her share of the estate under the law. The scheme of the will is such, and the amount of the property so small, that it would be evident to any mind that such a course would destroy the entire plan and render the execution of the will practically impossible.

The evident confidence and trust in his wife, which is evidenced throughout the will, lends support to the construction given it by the trial court, while the last clause of the will seems utterly inconsistent with the idea that the widow was to have no beneficial interest in the property, but was simply to be a trustee discharging certain duties.

It must be admitted that the result reached carries the doctrine of construction to a considerable length, but, we believe, not beyond just and wholesome legal conclusions.

*By the Court.*— Judgment affirmed; taxable costs of the executrix and the appellant to be taxed and paid out of the estate.