GUY NORMAN ET AL., Trustees, *vs.* ABBY NORMAN PRINCE
ET AL.

JUNE 27, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)    Wills.    Trusts.    Absolute Power of Disposition.*

By testamentary trust testator directed the trustee to dispose of the net income of the trust estate as follows: A certain sum annually to the widow; to divide the residue into nine equal shares and to pay as often as once in six months one of said shares to each of eight of

testator's nine children, excluding one son, and upon the decease of
each of said eight children to pay the share to which said child would
have been entitled as said child should by will appoint, in default of
appointment to the lawful issue of the child and in default of appoint-
ment and issue to testator's then next of kin, omitting the excluded
son and his descendants and (3) to pay the ninth share in whole or
in part at such times as the trustee should select to the excluded son
or his wife or to any child or children of such son or to any other
person or persons whomsoever, in the uncontrolled absolute discretion
or pleasure of the trustee.

Upon the decease of the survivor of the widow and all of the nine chil-
dren and when the youngest living grandchild should be 21 the whole
principal of the trust should be divided into eight equal shares, to be
set apart to relate to the eight children, to be paid in fee simple as
said child might by will appoint, in default of appointment to the
lawful issue of the child, and in default of appointment and issue, to
testator's then next of kin, the descendants of the excluded son being
excepted.

*Held,* that on the decease of the widow, the annual payments to which
she would have been thereafter entitled had she lived, followed the
destination of the several shares of residuary income, and did not
pass to the estate of the widow.

*Held,* further, that the provision relating to the disposition of the ninth
share of income was valid and amounted to the creation of an absolute
power of disposition, imposing no trust or obligation with respect to
its disposition, the use of the word " trustee " in this clause being
merely descriptive, and this construction was not affected by the fact
that testator coupled this power of disposition of a portion of the
income with certain trust provisions, in view of his obvious intent.

Bill in Equity for construction of will.

Sweetland, J.　This is a suit in equity brought by the
trustees under the will of George H. Norman, late of
Newport, for the construction of said will and for in-
structions.

The questions involved relate to the construction of
the provisions contained in the twelfth clause of said will.
By said clause the testator devises and bequeaths his
residuary estate to his son George H. Norman, Jr., and
his heirs in trust. By the terms of the trust the trustee
is directed to dispose of the net income of the trust estate
as follows: (1) To pay from said net income the sum of

twenty thousand dollars annually to the testator's wife, Abby D. K. Norman, in equal quarter-yearly installments; (2) to divide the residue of said net income into nine equal shares and as often as once in six months to pay one of said shares to each of eight of the testator's nine children, excluding from said provision the testator's son, Hugh K. Norman, and upon the decease of each of said eight children to pay the share of income to which said child would have been entitled as said child shall by will appoint, in default of appointment to the lawful issue of said child and in default of appointment and issue, to the testator's then next of kin, omitting and excluding, however, the testator's son Hugh and his descendants, if any; and (3) to pay the remaining or ninth share of income in whole or in part at such time or times as the trustee shall select to testator's said son Hugh or to Hugh's wife or to any child or children of Hugh or to any other person or persons whomsoever, as the trustee for the time being in the uncontrolled absolute discretion or pleasure of said trustee shall see fit.

In said will the testator directs that upon the decease of the survivor of his widow and all of his nine children and when the youngest living grandchild shall have reached twenty-one the whole principal of said trust shall be divided by the trustee into eight equal shares, said shares to be set apart so that they shall appertain or relate to said eight children, one share to each child, each share so appertaining to each child to be paid absolutely and in fee simple, free from every trust, as said child may by will appoint, in default of appointment to the lawful issue of said child and in default of appointment and issue, to the testator's then next of kin; the descendants of said Hugh, however, being specifically excepted.

It was further provided in said will that said George H. Norman, Jr., might at any time or times appoint one or two persons to act as trustee or trustees under said will,

both with him and after he should have ceased to act as
trustee by death or otherwise and they and the survivor
of them and every other person appointed under the pre
visions of said will should have every right, power, privi-
lege and authority conferred by said will on George H.
Norman, Jr., as trustee.

George H. Norman, Jr., duly qualified and acted as sole
trustee under said will until February 13, 1908, upon
which date, in accordance with the provision of the will
he duly appointed his brothers Guy Norman and Maxwell
Norman as trustees to carry out said trust. On said
February 13, 1908, the said George H. Norman, Jr., died
and since that date the said Guy and Maxwell Norman,
the complainants here, have acted and are now acting as
trustees. On October 30, 1900, the said Hugh K. Norman
died leaving no issue; his widow, who was the sole bene-
ficiary under his will, and who was duly appointed ad-
ministratrix with the will annexed of his estate, indi-
vidually and as such administratrix has executed a re-
lease of all claims to the estate of the testator George H.
Norman. Abby D. K. Norman, widow of George H. Nor-
man, the testator, died on September 6, 1915. Certain of
the grandchildren of the testator have not yet reached the
age of twenty-one years.

The present trustees and their predecessor as trustee,
said George H. Norman, Jr., up to the time of the decease
of the testator's widow made the annual payments from
income to her in accordance with the provisions of the
will, and also as directed paid the share of income to each
of the eight children of the testator named in his will as
aforesaid, the share of income of George H. Norman, Jr.,
being paid after his death to the appointees under his
will. Also said trustees distributed said ninth share of
income from time to time in varying amounts and propor-
tions with the knowledge, consent and acquiescence of
the defendants to the widow and children of the testator,

including Hugh K. Norman and said George H. Norman, Jr., during their respective lives and after their respective deaths to the widow and surviving children of the testator, to the widow of Hugh K. Norman and to the appointees of income of said George H. Norman, Jr.

Upon the decease of the testator's widow the question arose as to the future disposition of the annual payments of twenty thousand dollars to which she would be entitled if still alive; and also the question arose as to the possible invalidity of the provision of said twelfth clause of the will providing for the disposition of said ninth share of income. In their bill the trustees pray that their action in disposing heretofore of said ninth share of income in accordance with the directions of the will be approved and they further pray that the court construe said will and determine the following questions: (1) To whom the annual payments of twenty thousand dollars, directed by the 12th clause of said will to be paid " annually to my wife in equal quarter-yearly instalments " from " the net income, dividends and profits of said trust estate," became payable (until the distribution of principal) upon the decease of the testator's widow, said Abby D. K. Norman? (2) What disposition the trustees are authorized and empowered to make (until the distribution of principal) of " the remaining " (or ninth) " share of the said nine shares or parts " of the income, dividends and profits of said trust estate?

The first question involves a consideration of whether upon the decease of said Abby D. K. Norman the annual payments of income to which she would have been thenceforth entitled had she lived should (a) follow the destination of the several shares of income directed by the testator to be divided from the " residue of said net income, dividends and profits of said trust estate; " or (b) follow the estate of said Abby D. K. Norman and be payable as her intestate property to her next of kin; or (c) be

deemed intestate property of George H. Norman and payable to his next of kin.

In our opinion upon the decease of the testator's widow the annual payments from the income of twenty thousand dollars to which she would have been thereafter entitled (1) had she lived followed the destination of the several shares of residuary income. The trustees by the twelfth clause of the will are directed to pay " the sum of twenty thousand dollars annually to my wife " and " to divide the residue of said net income . . . of said trust estate into nine equal shares." It was the obvious intent of the testator that the payment of income to his wife should be personal to her, for her comfort and support during her life and should not continue to her estate. The testator directed the trustees after the annual payment of twenty thousand dollars from the net income of the trust estate to his widow to divide the residue of said net income into nine equal shares. The residue intended is all that part of the net income which shall remain annually after the payments directed have been made to the testator's widow.

After the death of the widow the annual payment to her of twenty thousand dollars ceased and said twenty thousand dollars each year falls into and should itself be regarded as part of the residue of said net income after all payments to the widow have been made in accordance with the provisions of the trust. In *Weston* v. *Weston,* 125 Mass. 268, where the residue was given to trustees to pay an annuity of one thousand dollars to N. & L. during the continuance of the trust, it was held after L's death during the continuance of the trust that the annuity was not payable to her administrator. The court said: " The clause creating it " (the annuity) " being without words of inheritance or succession, must be construed as giving an annuity during . . . the term of the trust, if (L.) should live so long, and if she

should not, for her own life only." In *Bates* v. *Barry,* 125 Mass. 83, where a testator had directed that "five hundred dollars per year for ten years be paid over to my niece .A." ", it was held that upon the death of A. within the ten years her administrator was not entitled to further payment, the court saying: "As there are no words of inheritance or succession in the bequest, it must be construed as giving an annuity for ten years, if the annuitant should live so long; and if she should not, for her life only." See *Butler* v. *Butler,* 40 R. I. 425; *Wakefield* v. *Small,* 74 Me. 277; *Sandford* v. *Blake,* 45 N. J. Eq. 247.

As to the second question presented by the bill we are of the opinion that the provision relating to the disposition of the ninth share of income is valid and amounts to the creation of an absolute power of disposition. The will provides for the payment of said ninth share of the residuary income " as the trustee hereof for the time being in the uncontrolled absolute discretion or pleasure of said trustee shall see fit." Said provision imposes no trust or obligation with respect to the disposition of said ninth share of income. By the twelfth clause of said will the testator's residuary estate is given to his son George H. Norman, Jr., in trust. As trustee the said George H. Norman, Jr., or the trustees for the time being, are directed to pay twenty thousand dollars of the net income of said trust estate annually to the widow, to make division of the residue of said income into nine shares and to pay eight of said shares to persons definitely designated. From the very broad language of the provision as to the disposition of the said ninth share of net income the testator's intent can readily be found not to bequeath said share in trust for indefinite beneficiaries; but the provision should be regarded rather as a bequest of said share to the trustees with an arbitrary power of disposition. The use of the words

" trustee " and " trustees " in this clause of the will is not controlling as to his or their character in the disposition of said ninth share, but said words must be regarded as descriptive. In *Gibbs* v. *Rumsey*, 2 Ves. & B. 294, the testatrix bequeathed certain estate, real and personal, to two persons named upon trust to sell; and after making certain bequests out of the money derived from such sale the testatrix proceeded thus " I give and bequeath all the rest and residue of the moneys arising from the sale of my estate and all the residue of my personal estate after payment of my debts, legacies and funeral expenses and the expenses of proving this my will unto my said trustees and executors (the said Henry Rumsey and James Rumsey) to be disposed of unto such person and persons and in such manner and form and in such sum and sums of money as they in their discretion shall think proper and expedient." The Master of the Rolls held that this provision created a purely arbitrary power of disposition according to a discretion which no court can either direct or control and not a trust for an indefinite purpose. Although the testator in the case at bar has coupled this power of disposition of a portion of the income of the trust estate with certain trust provisions, we feel warranted in construing this provision as we have in accordance with the testator's obvious intent. See 5 Harvard Law Review, 389.

We accordingly approve the action of George H. Norman, Jr., and of the complainant trustees in the disposition which he and they have made of said ninth share of income; we instruct said trustees that the net income of the trust estate arising after the death of the testator's widow shall be divided into nine equal shares, that eight of said shares are to be disposed of in accordance with the provisions of said twelfth clause of the will and that the remaining share is held by the trustees to be disposed of by them in their discretion in accordance with

the power of disposition given to them by the testator; we also find that the provision relating to said power of disposition is valid.

On July 2nd the parties may present to us a form of decree in accordance with this opinion.

*Baker & Spicer,* for complainants.

*Eliot G. Parkhurst, Edwards & Angell,* for certain respondents.

*Walter F. Angell,* of counsel.

*James B. Littlefield,* guardian *ad litem* of minor defendants.

*Royal H. Gladding,* representative of contingent interests.

*Robert T. Burbank,* for Dorothy P. N. Metcalf.