[L. A. No. 14725. In Bank.—November 1, 1934.]

In the Matter of the Estate of W. H. H. RALSTON, Deceased. WILLIAM JAMES RALSTON, Appellant, v. L. R. KAGARISE, as Executor, etc., Respondent.

Edwin J. Miller, Ralph W. Miller and Samuel H. Peck, Jr., for Appellant.

Libby & Sherwin for Respondent.

WASTE, C. J.—This is an appeal from a decree entered in a proceeding to determine heirship.

The decedent died testate in Los Angeles County, leaving as his next of kin and heirs at law two grandsons. The pertinent provisions of his will, of which the respondent is the duly appointed and acting executor, read as follows:

"I give and bequeath in trust to L. R. Kagarise ...... my entire property at my death, both Real and Personal, wherever this property may be situated, and I hereby give and bequeath to the said L. R. Kagarise absolute authority to dispose of this my entire estate as he may see fit. ......

"I appoint the said L. R. Kagarise as my executor and administrator of my estate as he has always been my good friend, and I have absolute confidence in his honesty, and will do as well in disposing of my estate as I could if I were still alive."

The will contained no residuary clause.

Contending that the trust attempted to be created by the decedent is invalid and void for uncertainty and that the decedent's estate therefore passed to them in equal shares as his next of kin and only heirs at law, the two grandsons commenced this proceeding. On behalf of the petitioner Hamer it was also urged that whether the trust be valid or invalid he is entitled to one-half of the property as a pretermitted heir. The appellant Ralston, being mentioned elsewhere in the will, could not advance this claim.

After hearing, the court below found that the will of decedent "does not create a trust but does by its terms give the

entire estate'' to the respondent executor. It was also found that the petitioner Hamer upon distribution of the estate is entitled to one-half thereof as a pretermitted heir. A decree was accordingly entered from which the petitioner Ralston, who was refused any participation in the estate, prosecuted this appeal on the judgment roll alone.

We agree with the lower court in so far as it found and concluded that the will failed to impress a trust upon the decedent's property. It is essential to the validity of a trust, whether express or precatory, that the language employed definitely indicate an intention to create a trust, that the subject-matter thereof be certain, and that the object or persons intended to have the benefit thereof be certain. The authorities are legion to this effect. The ''trust'' here involved is defective and invalid because of its complete failure to indicate either the object or the persons to benefit thereby.

We cannot, however, accept the further finding and conclusion that the will ''by its terms gives the entire estate'' to the respondent executor. The instrument does not purport to vest the property in respondent executor for his own individual use. On the contrary, it declares that the property is left to the respondent ''in trust''. In view of this expressed intention the property, because of the invalidity of the trust, passes under the laws of intestate succession and the two grandsons of the decedent, as his next of kin and only heirs at law, are entitled to share equally therein. (*Wittfield* v. *Foster,* 124 Cal. 418, 420 [57 Pac. 219].)

There is a well-recognized distinction between an uncertainty where the intent to establish a trust is clear but the provisions are so indefinite as to render the trust void for uncertainty, and the uncertainty which simply indicates the want of intention to create a trust. (*Loomis Inst.* v. *Healy,* 98 Conn. 102 [119 Atl. 31].) This distinction is discussed in *Pratt* v. *Trustees of Sheppard & E. P. Hospital,* 88 Md. 610 [42 Atl. 51, 56], wherein the following appears:

''But it must be borne in mind that there is a distinction between a trust that is void for uncertainty, and an uncertainty that is simply indicative of the absence of an intention to create a trust. In the one case there is no uncertainty as to the intention to create a trust, but merely an

uncertainty as to the objects to be benefited or the subject to be affected; in the other case, there is simply an uncertainty as to whether any trust was intended to be created at all. If it be uncertain as to whether there was an intention to create a trust, it is obviously not the province of the courts to ingraft a trust upon the gift; but, if it be apparent from the whole will that a trust was intended to be established, then the uncertainty as to the objects or the subject of that trust will not indicate that there was no intention to raise a trust, but the uncertainty will avoid the trust attempted to be founded. Where the expressions have been held too vague to show an intention to create a trust, the devisee or legatee retains the property for his own use; but where the intention to create a trust is sufficiently expressed, and yet the objects or the subjects of it are uncertain, the gift fails and the heir or next of kin is let in to the beneficial ownership.

In *Briggs* v. *Penny,* 42 Eng. Reprint, 371, 375, it is declared:

"Once establish that a trust was intended, and the legatee cannot take beneficially. If a testator gives upon trust, though he never adds a syllable to denote the objects of that trust, or though he declares the trust in such a way as not to exhaust the property, or though he declares it imperfectly, or though the trusts are illegal, still in all these cases, as is well known, the legatee is excluded, and the next of kin take."

The case of *Maught* v. *Getzendanner,* 65 Md. 527 [5 Atl. 471, 57 Am. Rep. 352], reviews the authorities on the issue here presented.

In the instant case there can be no doubt as to the testator's intent to create a trust. As already stated, he expressly declared that he left his "entire property" to the respondent executor "in trust". His failure to designate with sufficient certainty the objects or purposes of the trust makes the same invalid and unenforceable. However, his intent being clear that the respondent executor was not to acquire a beneficial interest in the property, it passed upon his death, and, in the absence of a residuary clause in the will, to his next of kin and heirs at law, the petitioners in this proceeding, in equal parts under the laws of intestate succession.

The decree is reversed in so far as it precludes the appellant from participating in the estate of the decedent, with directions to the court below to proceed as herein indicated.

Curtis, J., Shenk, J., Langdon, J., and Seawell, J., concurred.

SPENCE, J., pro tem., Dissenting.—I dissent.

The fact that the testator used the words "in trust" is not necessarily determinative of an intention upon his part to create a trust, but such intention must be ascertained by a reading of the entire will. (*In re Dever's Will*, 173 Wis. 208 [180 N. W. 839]; *Danforth* v. *Oshkosh*, 119 Wis. 262 [97 N. W. 258]; *Norman* v. *Prince*, 41 R. I. 402 [101 Atl. 126].) In the case first above cited it is declared: "In construing a will, the constant effort of courts is to ascertain and give effect to the intention of the testator. The phrase 'in trust', or 'upon trust', has a well-settled technical meaning, and when used advisedly in a will, in connection with a devise or bequest, affords rather plain evidence of the intention of the testator. This, we say, is the result where the words have been used advisedly. As was said of this, or a similar, phrase in *Davies* v. *Davies*, 109 Wis. 129, at page 133 [85 N. W. 201], at page 203: 'Had these words been used by a trained lawyer, the argument that they must receive their true technical meaning would be strong; but here the fact that they were used by a layman, albeit an educated man, is of great importance. The word "trust", in its popular sense, covers many things besides the legal and technical trust.'

"In *Danforth* v. *Oshkosh*, 119 Wis. 262, at page 276 [97 N. W. 258], at page 263, it is said: 'Of course, the presence. or absence of words declaring an estate to be in trust is not conclusive, though they may be more or less significant of the purpose in the grantor's mind. The question is whether the testator's intent involved the elements of a trust as known to the law.'

"These expressions sufficiently indicate that this court has not considered the use of these words as conclusive of the intention of the testator, and has not felt precluded from making further inquiry concerning such intention, merely because the phrase 'in trust' or 'upon trust' is used in con-

nection with a devise or bequest contained in a will. We are also impressed with the thought that where a testator says he gives 'in trust' or 'upon trust', but makes no attempt to prescribe the terms or purposes of the trust, a court may well pause and consider whether it was really the intention of the testator to create a trust in the legal sense. When the phrase 'in trust', or 'upon trust', is used advisedly, he who uses it understands that the terms and conditions of the trust must be defined with definiteness and certainty. When a testator says he gives 'in trust', and says no more, the query most naturally arises as to whether the phrase was inserted for the purpose of creating a trust in the true legal sense. We think such a situation gives rise to an ambiguity, and the court may summon to its aid all legitimate considerations that will enable it to determine the intent of the testator with reference to the disposition of the residue of his estate . . .

" . . . We think the phrase 'in trust' was used by the testator, not in its technical and legal, but in its popular, sense, and that in the connection in which it was thus used it was intended to be expressive of the trust and confidence which the testator reposed in his lifelong friends and associates, and that it was his intention that they should take the residue of the estate, to use or dispose of as they might see fit. A gift of this kind carries with it absolute ownership. . . . "

Construing the will in the instant case in the light of the foregoing authorities, I believe that the court below correctly determined that the instrument failed to impress a trust upon the property but rather disclosed an intention to make an absolute gift to Kagarise with ''absolute authority'' in him to dispose of the property ''as he may see fit''. In view of the total absence of any language attempting to name a trust beneficiary or to specify a trust purpose, and of the evident intention to make an absolute gift to Kagarise, it must be concluded that the testator did not employ the words ''in trust'' in their technical sense. Moreover, even if it be conceded for present purposes that there is some uncertainty as to the testator's intention, the will should be so construed as to validate rather than invalidate its main provisions (Civ. Code, sec. 3541) with resulting

intestacy. The construction given to the will by the court below achieves this purpose.

In my opinion the decree should be affirmed.

Rehearing denied.