[Civ. No. 1952.   Fourth Appellate District.—April 2, 1936.]

In the Matter of the Estate of MATTIE S. DAVIS, Deceased. THOMAS M. DAVIS, Appellant, v. WILLIAM WALLACE DAVIS, Executor, etc., Respondent.

Carson B. Hubbard for Appellant.

Lewis R. Kirby and George A. Malette for Respondent.

JENNINGS, J.—This is an appeal which is presented on the judgment roll from a decree entered in a proceeding to determine heirship.

The decedent died testate in San Diego County, leaving as her next of kin and heirs at law three sons and two grandchildren. The will, which is holographic in character and of which the respondent is the duly appointed and acting executor, is in the following language:

"San Diego, Sept. 14–29.

"Being of sound mind, and without any influence from any one, I declare this my last will and testament in case of my death I hereby leave all of my property to my son William Wallace Davis to be distributed to my sons & grandchildren as he deems best Said William Wallace Davis is to act as executor of my estate without bond.

"MATTIE S. DAVIS."

Contending that the will provides only for the appointment of an executor and makes no provision as to the persons to whom or in what shares, the estate is to be distributed, other than it shall be distributed to decedent's heirs at law who are merely referred to in the will as "My sons & grandchildren", the appellant, Thomas M. Davis, one of decedent's sons, commenced this proceeding. The prayer of appellant's petition was that an order be made determining the heirs of decedent and directing that the estate be distributed to the children and grandchildren of the deceased in accordance with the provisions of section 222 of the Probate Code.

At the time appointed for the hearing of the above-mentioned petition the matter was submitted to the trial court on the following agreed statement of facts:

"That Thomas M. Davis, the petitioner, is a son of Mattie S. Davis, deceased.

"That Mattie S. Davis was a woman of usual intelligence and education and had been, with such assistance as she deemed necessary, attending her own business affairs subsequent to the death of her husband in 1910 until her death.

"That the will of the said decedent be considered in evidence as in evidence upon the hearing."

From this statement and particularly from the provisions of the will, the trial court concluded that the will was and is a

valid will and that under its terms respondent is the duly appointed and acting executor thereof and that the language of the instrument, "to be distributed to my sons & grandchildren as he deems best", invested the executor with a power of determination as to what share of the estate he should distribute to each of the persons falling within the class to whom the testatrix directed the distribution should be made. The court accordingly decreed that the three sons and two grandchildren are included within the class of "my sons & grandchildren" mentioned in the will and that respondent as executor thereof is invested with discretionary power to determine what share shall be distributed to each of said persons.

It is appellant's contention on this appeal that the will attempts to create a trust which is void for uncertainty. That the terms of the instrument clearly indicate an intention on the part of the testatrix to create a trust is apparent. Respondent so concedes and the opinion rendered by the trial court, a copy of which is contained in respondent's brief, demonstrates that it concluded that legal title to the entire estate of the decedent was vested in respondent who was constituted a trustee thereof for the express purpose specified in the will. ██ The single question which remains for consideration is whether or not the trust is sufficiently definite to be carried into effect. If the trust is too vague, uncertain and indefinite in its declarations to be carried into effect it is invalid and must fail. If, however, the language of the instrument indicates the creation of a trust which is sufficiently certain to be effectuated the validity of the will must be upheld.

In his attack upon the will appellant relies strongly on the decision in *Wittfield* v. *Forster*, 124 Cal. 418 [57 Pac. 219]. In that case the testator conveyed all real and personal property which he owned to a specified trustee in trust for an unincorporated association named in the will "to have and to hold unto said trustee, his successors and assigns forever". There was no further specification of the trust and it was accordingly held that as the purpose of the trust was not indicated with any reasonable certainty the trust attempted to be created was void under the provisions of section 2221 of the Civil Code. In its decision the Supreme Court quoted the following language from Pomeroy's Equity Jurisprudence: "The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of

certainty includes the subject-matter of property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interest which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail." The court then proceeded to declare that application of the language of section 2221 of the Civil Code and the principle announced in the above-quoted language from Pomeroy demonstrated that the language employed in the will was entirely too vague and uncertain to constitute a valid trust.

In the recent decision of *Estate of Ralston*, 1 Cal. (2d) 724 [37 Pac. (2d) 76, 96 A. L. R. 953], a problem was presented which was similar to that which is here offered. The language of the will in the cited case was as follows:

"I give and bequeath in trust to L. R. Kagarise . . . my entire property at my death, both Real and Personal, wherever this property may be situated, and I hereby give and bequeath to the said L. R. Kagarise absolute authority to dispose of this my entire estate as he may see fit. . . .

"I appoint the said L. R. Kagarise as my executor and administrator of my estate as he has always been my good friend, and I have absolute confidence in his honesty, and will do as well in disposing of my estate as I could if I were still alive."

It was there held that although the testator had left no doubt of his intention to create a trust his failure to designate with sufficient certainty the objects or purposes of the trust made it invalid and unenforceable.

Neither the research of counsel nor our examination of the authorities has produced a California case which more nearly approaches the factual situation presented in the instant proceeding. *In re Dewey's Estate*, 45 Utah, 98 [143 Pac. 124, Ann. Cas. 1918A, 475], however, presents a case of striking factual similarity. In that decision it appears that the testatrix made certain specific bequests and then used the following language:

"All the rest, residue and remainder of my property of every kind and nature whatsoever, if any, which remain after paying and discharging all the debts, bequests, legacies, and obligations hereinbefore mentioned and provided for, I hereby

give, devise and bequeath to the said Hubbard Tuttle, Sr. It is my desire that he shall distribute the same, or the proceeds thereof, among my nephews and nieces, and to such of them, and in such proportions, as he shall deem just and proper, and his decision upon such matters shall be final, conclusive and binding upon all parties.''

The will nominated the trustee as executor of the instrument. It was urged by a nephew and two nieces of the deceased who objected to final distribution of the estate in accordance with a petition therefor that there was too much uncertainty both as to the subject-matter and objects of the trust to justify its enforcement by a court of equity. This contention did not prevail. It was declared that the subject-matter of the trust was clearly expressed as being the residue of the estate and that the objects of the trust as expressed by the testatrix were her nephews and nieces. It was further urged that the vesting in the trustee of the power to determine as to which ones of the nephews and nieces he would distribute the *residuum* of the estate and the share thereof which he would set apart to each of those whom he might select vitiated the trust for uncertainty. This contention was likewise declared to be untenable in the following language:

''It is not an insuperable objection that the trustee be invested with discretion or be given the power to select one or more beneficiaries from a class named in the will, or even to determine the amount the beneficiary selected by him should receive so long as the trustee is required to divide the property to the class indicated by the testator.''

Analysis of the language employed in the will in the instant case demonstrates that there is no uncertainty in the subject-matter of the trust, the purpose thereof, or the persons beneficially interested. (Sec. 2221, Civ. Code; *Estate of McCray,* 204 Cal. 399, 402 [268 Pac. 647].) The subject-matter is the entire estate of the decedent. The purpose is distribution of the estate. The beneficiaries are the three sons and the two grandchildren of the testatrix. The trial court correctly designated the beneficiaries in its decree as included within the class of ''my sons & grandchildren'' and there is no dispute as to the propriety of the decree in this regard.

It is too clear to permit of argument that it was the desire and intention of the testatrix to invest the trustee named in the will with the power to determine what share of

the estate he would distribute to each of the persons composing the class specified in the instrument. Unless, therefore, it must be declared that the "power of appointment", i. e., the power to appoint the particular persons to whom the estate shall be distributed is invalid under the law of this state, the primary canon of the construction of wills, which is that, whenever possible, the intention of the testator, if it is fairly discoverable from the language of the will, shall be carried into effect, must govern.

Whatever doubt has heretofore existed with respect to the validity of powers of appointment in California (21 Cal. Jur., p. 428, sec. 7; 13 Cal. Law Review, 1) has apparently been effectually dissipated by the very recent decision in *Estate of Sloan*, 7 Cal. App. (2d) 319 [46 Pac. (2d) 1007], in which a hearing was denied by the Supreme Court. In accordance with this decision we have therefore no hesitancy in declaring that the power of appointment vested in the respondent by the terms of the will is valid and was properly upheld by the trial court.

The decree from which this appeal has been taken is accordingly affirmed.

Barnard, P. J., and Marks, J., concurred.