[Civ. No. 15980.  Second Dist., Div. Two.  Nov. 19, 1947.]

Estate of McCLELLAN REED, Deceased, J. M. PARKER, Respondent, v. FEDERATION OF STATE SOCIETIES (a Nonprofit Corporation), Appellant.

Edwin J. Miller, Vernon Day and Lin Price for Appellant.

Merriam, Rinehart & Merriam, Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Respondent.

McCOMB, J.—This is an appeal by the Federation of State Societies, a corporation, from an order of the probate court decreeing partial distribution of the estate of McClellan Reed, deceased.

The essential facts are these:

Mr. Reed died leaving a will dated April 13, 1944, which contained the following provision:

"Fourth: I hereby set aside $5,000.00 to establish a McClellan Reed and Edna E. Reed Foundation under the auspices of the Federation of State Societies of California.  The purpose of this foundation is to carry on the work of McClellan Reed and his deceased wife, Edna E. Reed, through the writings, books, and manuscripts of all kinds and description

whatsoever; a reasonable sum for expenses to be allowed for the promotion and development of this Foundation to be paid out of the $5,000.00; and all net profits from said writings, books and publications, to go to the Federation of State Societies, to be used by them in any manner they see fit.''

At the time of hearing of the petition for partial distribution appellant contended that it was entitled in addition to certain other assets of the estate to the $5,000 referred to in paragraph Fourth of the will, *supra.*

Predicated upon the will the court distributed to appellant all writings, pamphlets and manuscripts prepared by decedent and his wife, but held that appellant was not entitled to any of the $5,000 mentioned in the fourth paragraph of the will and that the same became a part of the residuary estate of decedent.

This is the sole question necessary for us to determine: *Did decedent make an absolute gift and bequest of the $5,000 mentioned in paragraph Fourth of his will to appellant (Federation of State Societies)?*

This question must be answered in the negative. Appellant concedes that a trust of the $5,000 here in question was not created by the will but contends that where the income of real or personal property or both is given without other disposition of the property this amounts to an outright gift of the property from which the income is to be derived. This is a correct statement of the law in California. (*Estate of Franck*, 190 Cal. 28, 32 [210 P. 417].) However, in the instant case decedent did not give the income from the $5,000 mentioned in the fourth paragraph of his will to appellant. All that he gave to appellant was the net proceeds from his writings, books and publications and in conformity with the rule of law just stated the court in its decree awarded to appellant the writings, books and publications of decedent and his wife.

So far as the $5,000 was concerned, decedent failed to make any disposition thereof. Though it is clear that he intended to create a trust, such attempt was abortive for the reasons (1) no trustee was designated, and (2) the objects of the trust were not sufficiently explicit and expressed with sufficient certainty to create it. Therefore, the rule controlling the present case is that stated in the case of *Estate of Ralston*, 1 Cal.2d 724 [37 P.2d 76], where the court says at page 727 that ''where the intention to create a trust is sufficiently

expressed, and yet the objects or the subjects of it are uncertain, the gift fails and the heir or next of kin is let in to the beneficial ownership.'' Since in the present case the testator intended to create a trust which failed for uncertainty, the court properly held that the gift failed and that such sum became a part of the residuary estate of decedent.

*Harrison* v. *Brophy,* 59 Kan. 1 [51 P. 883, 40 L.R.A. 721]; *Clark* v. *Campbell,* 82 N.H. 281 [133 A. 166, 45 A.L.R. 1433], and *Estate of Hamilton,* 181 Cal. 758 [186 P. 587], relied on by appellant, are distinguishable from the present case for the reason that in each of the cases cited a gift of the property was made to certain specific persons. However, in the instant case the will does not give the $5,000 in question to anyone. Therefore, such cases are not helpful in deciding the present matter.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 8, 1947, and appellant's petition for a hearing by the Supreme Court was denied January 15, 1948.